## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| **WILLIAM N. RUSSELL, III,** | : | Case No. 1:21-cv-00172 |
| Plaintiff, | : | Judge Michael R. Barrett |
| v. | : | **READING ROCK'S MOTION TO DISMISS COUNTS II AND III PURSUANT TO FED. R. CIV. P. 12(b)(6)** |
| **READING ROCK NORTHEAST, LLC.** | : | |
| Defendant. | : | |

Reading Rock Northeast, LLC, moves under Rule 12(b)(6) to dismiss Counts II-III of William Russell's Amended Complaint (Doc#43). The claims should be dismissed for two reasons:

1. Russell has not exhausted the administrative remedies available to him on his disability discrimination claims, including filing a charge of discrimination with the Ohio Civil Rights Commission ("OCRC"), and receiving a notice of right to sue from the OCRC pursuant to R.C. 4112.052(B)(1); and

2. Even if Russell had exhausted his administrative remedies, his pleading establishes that his disability discrimination claims are barred by the two-year statute of limitations set forth in O.R.C. 4112.052(C)(1).

A Memorandum in Support is attached.

Respectfully Submitted,

*/s/ Joshua M. Smith*
Jeffrey M. Nye (0082247)
Joshua M. Smith (0092360)
Peter A. Saba (0055535)
STAGNARO, SABA
& PATTERSON CO., L.P.A.
2623 Erie Avenue
Cincinnati, Ohio 45208
(513) 533-6715
(513) 533-2999 (fax)
jmn@sspfirm.com
jms@sspfirm.com
**Attorneys for Reading Rock Northeast, LLC**

1

**MEMORANDUM IN SUPPORT**

I.    **RUSSELL'S ALLEGATIONS**

Reading Rock originally filed suit against Russell and his wholly owned company, Russell Cast Stone, Inc., on May 8, 2020 in New Jersey based upon violations of an Asset Purchase Agreement the parties entered into in 2018. (Doc#1). This included claims for fraud in the inducement, and breach of contract. (*Id.*).

Russell answered and counterclaimed, alleging disability discrimination under New Jersey's anti-discrimination laws, and breach of an employment agreement between Reading Rock and Russell. (Doc#7).[1] The New Jersey court severed and transferred these two employment-related claims based upon a forum selection clause in Russell's employment agreement. (Doc#29-31).

Russell has now filed an amended pleading in this Court, in which he dropped his disability claims under New Jersey law, and added claims of disability discrimination under O.R.C. § 4112.02, including Count II (failure to provide reasonable accommodation), and III (disability discrimination). (Doc#43). In this complaint, Russell alleges that on July 16, 2018, he and Reading Rock entered into an Employment Agreement for a term of five (5) years. (*See* Doc#43, PAGEID#39, ¶ 16). Russell claims to have undergone back surgery in July 2017, which he claims was made known to Reading Rock prior to the APA closing. (*Id.* at ¶ 18). Russell also claims that he requested to spend most of his time in the office, managing the Sales Force and making sales calls, as an accommodation for his disability. (*Id.* at ¶ 22). Russell goes on to state that he requested "several times" an adjustment and accommodation due to his on-going disability, and "at no time" did Reading Rock provide an accommodation. (*Id.* at ¶ 24). On April 22, 2019, Russell's

---

[1] Russell amended his complaint on July 9, 2020, but the claims remained the same. (Doc#8).

employment was terminated, which he alleges was for failure to perform. (*Id.* at ¶ 27). The Amended Complaint makes no mention of filing a charge of discrimination with the OCRC, nor does it make reference to Russell receiving a right to sue letter for his claims.

## II. LAW AND ARGUMENT

### A. Fed. R. Civ. P. 12(b)(6)

Rule 12(b)(6) permits dismissal of a lawsuit for "failure to state a claim upon which relief can be granted." A Rule 12(b)(6) motion to dismiss is directed solely to the complaint and any exhibits attached to it. *Roth Steel Prods. v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983). In construing a 12(b)(6) motion to dismiss, a court must "construe the complaint in the light most favorable to the Russell," accepting as true all of the Russell's factual allegations. *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009). Although in this context all of the factual allegations in the complaint are taken as true, a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed.2d 929 (2007). Consequently, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949, 173 L. Ed.2d 868 (2009).

Furthermore, to survive dismissal pursuant to Rule 12(b)(6), a claim must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Twombly*, at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, at 1950.

### B. Russell's failure to exhaust administrative remedies pursuant to O.R.C. § 4112.052(B)(1) subjects his claims to dismissal under Rule 12(b)(6).

First, Russell's Amended Complaint fails to state a claim because he made no attempt to exhaust administrative remedies, which is a prerequisite to filing a civil action under Ohio's anti-

3

discrimination statutes. Indeed, O.R.C. § 4112.052 is clear that a Russell may only bring a civil action for employment discrimination under R.C. § 4112.02 if two conditions are met:

> (a) The person has first filed a charge with the Ohio civil rights commission under section 4112.051 of the Revised Code with respect to the practice complained of in the complaint for the civil action within the time period required under that section; and
>
> (b) One of the following occurs:
>
>   (i) The person receives a notice of right to sue from the Ohio civil rights commission pursuant to section 4112.051 of the Revised Code;
>
>   (ii) The person has requested a right to sue from the Ohio civil rights commission, and the commission fails to issue the notice of right to sue within forty-five days after the date the commission is permitted to grant the request under division (N) of section 4112.051 of the Revised Code;
>
>   (iii) The Ohio civil rights commission, after a preliminary investigation pursuant to a charge filed under section 4112.051 of the Revised Code, determines that it is probable that an unlawful discriminatory practice relating to employment has occurred or is occurring and the complainant, after being informed by the commission of the right to file a civil action under this chapter, elects to file a civil action and notifies the commission of that fact.

O.R.C. § 4112.052(B)(1).

Here, Russell's Amended Complaint makes no mention of filing a charge with the Ohio Civil Rights Commission, receipt of a notice of right to sue from the commission, or *any* attempt to exhaust administrative remedies prior to filing this action. Instead, it is apparent from the face of the Amended Complaint that Russell improperly filed his amended claims in this Court without first making any charge of discrimination with the OCRC.

It has long been recognized by federal courts that a failure to exhaust administrative remedies, including in the discrimination context, serves as a proper basis for dismissal under Rule 12(b)(6). *See Reddy v. JP Morgan Chase Bank, N.A.*, 2010 U.S. Dist. LEXIS 89162 at *16 (S.D. Ohio August 30, 2010) citing *Williams v. Northwest Airlines, Inc.*, 53 F. App'x 350, 351 (6th Cir.

2002)("Accordingly, these claims, premised on the harassment and retaliation alleged in Plaintiff's First Charge, and for an alleged violation of the ADA, must be dismissed as Plaintiff has failed to show that she obtained a right-to-sue letter before filing suit based on this conduct, or that she timely filed suit on these claims."); *Thompson v. Sec'y of the VA*, 2019 U.S. Dist. LEXIS 208994 at *11 (N.D. Ohio June 10, 2019)("In contrast to Thompson's contention that the exhaustion requirement for Title VII claims is based on 'outdated federal law,' the Sixth Circuit has repeatedly reaffirmed that a plaintiff must exhaust administrative remedies before filing a Title VII claim in federal court."); *Simpson v. First USA Mgmt.*, 2006 U.S. Dist. LEXIS 52869 at *5 (S.D. Ohio August 1, 2006)(granting motion to dismiss Title VII discrimination and retaliation claims for failure to exhaust administrative remedies pursuant to the Sixth Circuit's holding that the "failure to timely exhaust administrative remedies is an appropriate basis for dismissal of a Title VII action.").

While the Ohio administrative exhaustion requirement was only recently enacted in December 2020 with an effective date of April 15, 2021, at least one federal court has applied the requirement in dismissing a § 4112.02 claim based upon failure to exhaust administrative remedies. *See, e.g., Montgomery v. Gove*, 2021 U.S. Dist. LEXIS 167346 at *4-5 (N.D. Ohio September 2, 2021)(dismissing plaintiff's O.R.C. § 4112.02 discrimination allegations based upon amendments to the statute requiring plaintiff to file a charge with the Ohio Civil Rights Commission prior to filing suit).

Because Russell has failed to comply with O.R.C. § 4112.052 prior to filing his claims of disability discrimination, the claims are subject to dismissal under Rule 12(b)(6).

**C. Russell's claims are barred by the O.R.C. § 4112.02's two-year statute of limitations**

Russell's disability discrimination claims also fail because they have not been filed within the two-year statute of limitations. "Although a motion under Rule 12(b)(6), which considers only the allegations in the complaint, is generally not an appropriate vehicle for dismissing a claim based upon the statute of limitations, if the allegations in the complaint affirmatively show that the claim is time-barred, dismissing the claim under Rule 12(b)(6) is appropriate." *Cheatom v. Quicken Loans*, 587 F. App'x 276, 279 (6th Cir. 2014); *See also Cataldo v. U.S. Steel Corp.* 676 F.3d 542, 547 (6th Cir. 2012)(affirming district court's dismissal of complaint on statute of limitations grounds).

Under O.R.C. § 4112.052(C)(1), "a civil action brought under this section shall be filed within two years after the alleged unlawful discriminatory practice was committed." While the statute provides for certain tolling of the limitations period, those only apply while an OCRC charge of discrimination is pending. *See* O.R.C. § 4112.052(C)(2).

Here, Russell's complaint clearly alleges that the purported discriminatory acts occurred in 2017-2018, which culminated in his termination on April 22, 2019. (*See,* e.g., ¶ 22-24, 26-27). However, Russell did not file his claims under O.R.C. § 4112.02 until September 17, 2021, approximately 148 days *after* the statute of limitations had expired. Russell makes no allegation that he filed any charge with the OCRC sufficient to toll the limitations period. Given that "the allegations in the complaint affirmatively show that the claim is time-barred[,]" dismissal under Rule 12(b)(6) is appropriate. *See Cataldo,* 676 F.3d at 547.

### III.   CONCLUSION

For the foregoing reasons, Defendant Reading Rock Northeast, LLC respectfully requests that this Court dismiss Counts II and III of the Amended Complaint.

Respectfully Submitted,

*/s/ Joshua M. Smith*
Jeffrey M. Nye (0082247)
Joshua M. Smith (0092360)
Peter A. Saba (0055535)
STAGNARO, SABA
& PATTERSON CO., L.P.A.
2623 Erie Avenue
Cincinnati, Ohio 45208
(513) 533-6715
(513) 533-2999 (fax)
jmn@sspfirm.com
jms@sspfirm.com
**Attorneys for Reading Rock Northeast, LLC**

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing was served on all counsel of record via CM/ECF this 1st day of October 2021.

/s/ *Joshua M. Smith*
Joshua M. Smith (0092360)